**ATLANTIC VEAL & LAMB, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 04–1326.

United States Court of Appeals, District of Columbia Circuit.

Oct. 27, 2005.

Don Terence Carmody, Law Office of Don T. Carmody, Woodstock, NY, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, National Labor Relations Board, Washington, DC, for Respondent.

Before HENDERSON, GARLAND, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Consolidated with 04–1365

This petition for review and cross-application for enforcement of an order of the National Labor Relations Board (NLRB) was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the petition for review be denied, and that the cross-application for enforcement be granted.

The NLRB found that petitioner Atlantic Veal & Lamb violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), by threatening employees with discharge and plant closure if they signed union cards and by interrogating employees about their union activities. The Board also found that Atlantic Veal violated Section 8(a)(3) and (1) of the Act, 29 U.S.C. § 158(a)(3) & (1), by discharging one employee and suspending another in retaliation for their actual or suspected union activity. The Board's findings are supported by the testimony of multiple witnesses, as well as by other direct and circumstantial evidence. Although Atlantic Veal contends that the Administrative Law Judge (ALJ) insufficiently articulated the basis for his resolution of credibility issues, we will not "reverse the Board's adoption of an ALJ's credibility determinations unless ... those determinations are 'hopelessly incredible,' 'self-contradictory,' or 'patently unsupportable.'" *Cadbury Beverages, Inc. v. NLRB*, 160 F.3d 24, 28 (D.C.Cir.1998) (quoting *Capital Cleaning Contractors, Inc. v. NLRB*, 147 F.3d 999, 1004 (D.C.Cir.1998)). Atlantic Veal proffers neither evidence nor argument that any of the testimony credited by the ALJ was "hopelessly incredible," "self-contradictory," or "patently unsupportable." Accordingly, because the Board's findings are "supported by substantial evidence on the record considered as a whole," they are "conclusive" upon this court. 29 U.S.C. § 160(e).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).